**In re The LIONEL CORPORATION, Lionel Leisure, Inc., Consolidated Toy Company, Debtors.**

**The LIONEL CORPORATION, Plaintiff,**

v.

**DYNAMICS CORPORATION OF AMERICA, Defendant.**

**Bankruptcy Nos. 82 B 10318 to 82 B 10320.**

**Adv. No. 84–5496A.**

United States Bankruptcy Court, S.D. New York.

April 25, 1984.

---

Olwine, Connelly, Chase, O'Donnell & Weyher, and Angel & Frankel, P.C., New York City, for debtors.

Rosenman Colin Freund Lewis & Cohen, New York City, for Dynamics Corp. of America.

Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, for the Equity Committee.

Cornelius Blackshear, New York City, U.S. Trustee.

## MEMORANDUM AND ORDER ON APPLICATIONS FOR LEAVE TO INTERVENE

EDWARD J. RYAN, Bankruptcy Judge.

On February 24, 1984 Lionel Corporation (Lionel) and Dynamics Corporation of America (DCA) entered into an agreement whereby DCA was, upon confirmation of the Lionel Plan of Reorganization, to purchase 82% of the capital stock of Dale Electronics, Inc. (Dale) for $59.5 million. For prior proceedings relevant to this matter, see *Committee of Equity Security Holders v. Lionel Corporation*, 722 F.2d 1063 (2d Cir.1983).

On April 10, 1984, Lionel commenced an adversary proceeding against DCA for a declaratory judgment pursuant to Bankruptcy Rule 7001. Lionel seeks the entry of an order and judgment of this court declaring that:

(a) the DCA Agreement is not a binding obligation of Lionel as debtor or debtor-in-possession and has no force and effect:

(b) the DCA Agreement does not obligate Lionel as debtor or debtor-in-possession to take any steps to effectuate sale of the Dale Shares to DCA or obtain approval of the DCA Agreement or satisfaction of any of the conditions contained therein;

(c) in the event that Lionel accepts an offer made by an entity other than DCA to purchase the Dale Shares for more than $59.5 million and effectuates such sale, that Lionel's obligation and liability to DCA shall be limited to a release of DCA's escrow deposit of $5.95 million plus interest actually earned thereon;

(d) if this court does not declare that the DCA Agreement is non-binding, the commencement of this adversary proceeding does not curtail or impair in any respect the right of Lionel under Section 6.01(b) of the DCA Agreement to terminate the DCA Agreement in the event that the closing thereunder has not occurred on or before June 30, 1984.

This court held a pretrial hearing on April 17, 1984. At this hearing the Official Committee of Unsecured Creditors and Committee of Equity Security Holders sought leave to intervene as plaintiffs in the above captioned adversary proceeding.

Whether it be a matter of right or a matter of discretion, see *Fed.R.Civ.P.* 24(a) and 24(b), each of the applications of the Official Committee of Unsecured Creditors and Committee of Equity Security Holders for leave to intervene in this adversary proceeding is granted.

The circumstances of the controversy in the light of relevant authority require that these affected interests be heard.