In the Matter of the Arbitration Between **HOLBORN OIL TRADING LTD.,** Petitioner,

and

**INTERPETROL BERMUDA LIMITED,** Respondent.

**No. 86 Civ. 8244 (SWK).**

United States District Court,
S.D. New York.

April 1, 1987.

Hill Rivkins Carey Loesberg O'Brien & Mulroy, New York City by Richard H. Webber, for petitioner.

Kennedy & Lillis, New York City by John T. Lillis, Jr., for respondent.

Healey & Baillie, New York City by John C. Koster, for Proposed Intervenor Andros Compania Maritima, S.A.

Zock, Petrie & Curtin, New York City by Philip J. Curtin, for Proposed Intervenor The Sanko Steamship Co., Ltd.

Steven C. Pascal, P.C., New York City, for Proposed Intervenor Steven C. Pascal, P.C., as Trustee.

KRAM, District Judge.

This action is brought under the United States Arbitration Act, 9 U.S.C. § 203. Petitioner Holborn Oil Trading Ltd. ("Holborn") seeks to confirm and reduce to judgment an arbitration award holding it liable to Respondent InterPetrol Bermuda Limited ("InterPetrol") for $217,103.00 plus in-

terest. The matter is presently before the Court on six motions. Both Andros Compania Maritima, S.A. ("Andros") and The Sanko Steamship Co., Ltd. ("Sanko") have moved to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure and for an injunction compelling any funds for satisfaction of the arbitration award to be deposited in the registry of this Court. Steven C. Pascal, P.C. ("Pascal"), as Trustee of a $10,000.00 security for payment of the arbitration panel's fees, also moves to intervene under Rule 24. Finally, Holborn moves for an order pursuant to Rule 67 of the Federal Rules of Civil Procedure (1) permitting Holborn to deposit with the Court the amount awarded to InterPetrol plus accrued interest and less one-half of the arbitrators' fees and (2) discharging Holborn from any further liability to InterPetrol under the arbitration award. For the reasons set forth below, Andros' and Sanko's motions to intervene are granted; Andros' and Sanko's motions for a preliminary injunction are granted; Pascal's motion to intervene is granted; and Holborn's Rule 67 motion is granted.

*Andros' and Sanko's Motions for Intervention*

■ Andros and Sanko are judgment creditors of Intertanker, Ltd. ("Intertanker"), which, in turn, is an affiliate and creditor of InterPetrol. Andros obtained a judgment in November 1983 against Intertanker in the amount of $473,733.23. No part of that judgment has been satisfied. Sanko obtained a judgment against Intertanker in March 1983 in the amount of $154,057.31. No part of that judgment has been satisfied. As a result, Andros and Sanko claim to have an interest in InterPetrol's arbitration award and move to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. InterPetrol opposes these motions on the ground that neither Andros nor Sanko have an interest within the meaning of Rule 24(a)(2) because the claims do not relate directly to the subject matter of the action.

Rule 24(a)(2) provides:

Upon timely application anyone shall be permitted to intervene in an action ...

when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is *so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest*, unless the applicant's interest is adequately represented by existing parties. Fed.R.Civ.P. 24(a)(2).

Under Rule 24(a)(2), then, an intervenor must meet four requirements: (1) that the application is timely; (2) that the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) that the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) that the interest is not adequately protected by an existing party. *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984).

As to the first requirement, no one argues, nor could they, that either Andros' or Sanko's motion is untimely. As to the third requirement, Andros and Sanko point out that Intertanker has no assets other than claims such as against InterPetrol, that InterPetrol has been inactive since 1982 and has no assets other than claims against third parties such as Holborn, and that InterPetrol, a Bermudian corporation, may otherwise transfer the proceeds of this action beyond the reach of creditors. The Court has no difficulty in holding that a decision resulting in the necessity of Andros and Sanko bringing suit in the Bermudian courts to assert rights in property that is now the subject of adjudication by a court of the United States would "impede" the protection of those rights "as a practical matter" within the meaning of Rule 24. *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1125 (5th Cir.), *cert. denied*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

As to the fourth requirement, InterPetrol, which stands in a position directly adverse to Andros and Sanko, and Holborn, which has no interest in advancing either Andros' or Sanko's claims to the proceeds, cannot be said to be in a position to ade-

quately protect Andros' or Sanko's interests.

The critical inquiry on these facts, then, is whether Andros and Sanko have interests relating to the property or transaction which is the subject matter of this action, i.e., the $217,103.00 arbitration award in favor of InterPetrol. In this regard, the Second Circuit has noted that the term "interest" when used in this context defies a simple definition. *Restor-A-Dent*, 725 F.2d at 874. The interest must be "significantly protectable." *See Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). It must be direct, not remote or contingent. *Restor-A-Dent*, 725 F.2d at 874; *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 346–47 (S.D.N.Y. 1974), *aff'd without opinion*, 515 F.2d 505 (2d Cir. 1975); 3B J. Moore, *Moore's Federal Practice* ¶ 24.07[2] (2d ed. 1982). And, it also must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit. *In re Penn Central*, 62 F.R.D. at 346. Such definitions are, of course, imprecise, but it is difficult to be more than general in stating criteria designed to cover the multitude of possible intervention situations. *Restor-A-Dent*, 725 F.2d at 874.

Here, Andros and Sanko have asserted that they are judgment creditors of Intertanker, that InterPetrol is the parent company of Intertanker, that Intertanker is under the control of a provisional liquidator, that Intertanker's main assets include a cause of action against InterPetrol for various monies owed to Intertanker by InterPetrol, and that InterPetrol is a Bermudian corporation whose only assets are the claims, such as in the instant arbitration, which it is pursuing against others. InterPetrol does not deny these assertions.

Andros and Sanko also allege that both InterPetrol and its subsidiary, Intertanker, have been used by InterPetrol's president to defraud creditors, that InterPetrol owes Intertanker charterparty commissions, and that InterPetrol transferred approximately $750,000, representing all cash held by Intertanker, to InterPetrol and replaced these funds with a receivable from InterPetrol sometime in 1981. In this regard, Andros has filed suit alleging fraud against Intertanker, InterPetrol, and InterPetrol's president and is moving for a preliminary injunction in that action. Andros has been advised by counsel for InterPetrol that InterPetrol will defend that action on the ground, *inter alia*, of lack of personal jurisdiction.

As a result, Andros and Sanko argue that the only means by which they can protect themselves and their right to reach assets owing to Intertanker is to intervene in those actions involving InterPetrol and that this represents a direct, and not contingent, interest in this action.

The parties have offered no cases in this Circuit which determine, or cast light upon, the issue of whether judgment creditors of a Bermudian subsidiary corporation which has a claim against and all of whose cash assets have been transferred to its Bermudian parent corporation have a direct interest in the subject matter of a petition to confirm an arbitration award in favor of the parent corporation such that the judgment creditors may intervene as of right in that petition.

Courts have held that creditors or judgment creditors of a party to an action may intervene to assert a lien on any proceeds or to claim their share of the proceeds of the action. *See, e.g., Securities and Exchange Commission v. Flight Transportation Corporation*, 699 F.2d 943 (8th Cir. 1983) (Lessor, which leased two airplanes to corporation and which had unliquidated claim against corporation, was entitled to intervene in SEC enforcement action against corporation where corporation had no assets other than the monies which the SEC sought to have disgorged to defrauded investors); *Piambino v. Bailey*, 610 F.2d 1306 (5th Cir.) (Compliance officer of a restitutionary fund set up in a state action against pyramid sales corporation was entitled to intervene in a federal antitrust and securities class action against the corporation), *cert. denied*, 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980); *Federal Deposit Insurance Corp. v. Engle*, 524 F.2d 1339

(9th Cir.1975) (In an action brought by a federal creditor to set aside, as a fraud on it, the debtor's transfer of an interest in real property, the transferee's state court judgment creditors, who executed on the transferee's interest in the property and bought it at a sheriff's sale, were entitled to intervene in the action); *Peckham v. Family Loan Co.*, 212 F.2d 100 (5th Cir. 1954) (Judgment creditor of one defendant could intervene in a fraudulent transfer action by another judgment creditor against this defendant and others); *In re Lionel Corp.*, 38 B.R. 679 (S.D.N.Y. 1984) (Whether as a matter of right or as a matter of discretion, applications of an official committee of unsecured creditors and a committee of equity holders for leave to intervene in debtor-in-possession's adversary proceeding seeking declaration that it was not obligated to effectuate sale of stock in subsidiary was granted).

In these cases, the judgment debtor was a party to the action. Here, however, the judgment debtor is the subsidiary of the party to this action. A corporation generally will not be held liable for the acts of its subsidiaries absent fraud or bad faith, *New York State Teamsters Conference Pension and Retirement Fund v. Hoh*, 554 F.Supp. 519, 525 (N.D.N.Y.1982), or where the parent corporation has complete domination of the finances and business practices of its subsidiary, *Commarata v. Ice Cream Drivers and Employees Union*, 441 F.Supp. 696 (E.D.N.Y.1977), *aff'd mem.*, 591 F.2d 1329 (2d Cir.1978). Sufficient allegation of fraud must be present to justify piercing the corporate veil. *New York State Teamsters Conference Pension and Retirement Fund*, 554 F.Supp. at 525. *See also Peckham*, 212 F.2d at 106–07.

Here, the Court finds that Andros and Sanko have provided sufficient allegations of fraud and bad faith in their moving papers to justify intervention as of right on the theory that InterPetrol may be liable for the acts of its subsidiary and thus the interest involved may run directly to the parent corporation. As a result, the interest becomes a direct interest relating to the subject matter of the action because And-

ros' and Sanko's interests are to satisfy their judgment against Intertanker, which runs directly to InterPetrol.

Furthermore, if the Court signs the consent order submitted to the Court on November 14, 1986, as InterPetrol urges it must, the arbitration award will be confirmed and Holborn will be required to pay InterPetrol the monies due pursuant to that award. As a result, Andros and Sanko may be unable to obtain satisfaction of its claim in the United States if, indeed, Intertanker were held beyond the jurisdiction of the United States courts. Similar facts have been held to be a sufficiently direct interest to support intervention as of right. *See Securities and Exchange Commission*, 699 F.2d at 948.

Finally, the cases cited by InterPetrol for its contention that intervention should be denied are inapposite. Several cases involve denial of a motion to intervene in matters not relating to judgment creditors, and another case does not involve provable claims which have been reduced to judgment. Accordingly, under the circumstances of this case, the Court finds that Andros and Sanko have alleged a sufficiently direct interest in the subject matter of this proceeding to entitle them to intervene under Rule 24(a)(2) of the Federal Rules of Civil Procedure.

*Pascal's Motion to Intervene*

Pascal moves to intervene either as of right under Rule 24(a) of the Federal Rules of Civil Procedure or permissively under Rule 24(b) of the Federal Rules. Pascal's motion appears to be unopposed.

Pascal was the attorney of record for InterPetrol in the underlying arbitration proceeding. Pascal holds $10,000 in trust as security for payment of the arbitration panel's fees. Pascal's opinion as an attorney is that the panel is entitled to receive the $10,000 in fees, but InterPetrol has instructed him not to make payment. Pascal claims that there are presently conflicting claims against him as trustee for the arbitration panel, InterPetrol, and other potential intervenors as to which is entitled to the $10,000.

## A. *Intervention as of Right*

Pascal fails to claim an interest relating to the property which is the subject of the action and which he is required to do under Rule 24(a). *Restor-A-Dent,* 725 F.2d at 874. The subject of this action is the $473,-733.23 arbitration award in favor of Inter-Petrol. Pascal has no interest in this award. His interest is in the $10,000 which he holds in trust as security for payment of the arbitration panel's fees. Accordingly, Pascal's motion to intervene as of right under Rule 24(a) is denied.

## B. *Permissive Intervention*

Rule 24(b) provides, in pertinent part, that:

> Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b).

■ The Court finds that Pascal's claim has questions of fact in common with the main action. Determining whether to confirm the arbitration award will involve analysis of the arbitration panel's decision, as will determining whether the arbitration panel should be awarded the $10,000 which Pascal holds in trust. Furthermore, because the Court must determine these issues regardless of Pascal's presence in this action, Pascal's intervention will not unduly delay or prejudice the adjudication of the rights of InterPetrol and Holborn, the original parties to this action. Accordingly, Pascal's motion for permissive intervention under Rule 24(b) is granted.

## *Andros' and Sanko's Motions for an Injunction*

Andros and Sanko move for a preliminary injunction compelling InterPetrol, during the pendency of this action, to deposit in the registry of this Court any funds received from or on behalf of Holborn in satisfaction of the arbitration award that forms the subject matter of this action.

The law in this Circuit concerning preliminary injunctions is well settled. In order for a preliminary injunction to issue, the movant bears the burden of demonstrating "irreparable harm" and "either (1) probable success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary injunction relief." *Kaplan v. Board of Education,* 759 F.2d 256, 259 (2d Cir. 1985). As a general rule, a party may not obtain injunctive relief where it is claiming a loss that can be adequately remedied by money damages. *See, e.g., Sperry International Trade, Inc. v. Government of Israel,* 670 F.2d 8, 12 (2d Cir.1982). Nonetheless, even where the ultimate relief sought is money damages, federal courts have found preliminary injunctions appropriate where it has been shown that the defendant intends to frustrate any judgment on the merits by transferring its assets out of the jurisdiction. *See In re Feit & Drexler, Inc.,* 760 F.2d 406, 416 (2d Cir. 1985); *International Controls Corp. v. Vesco,* 490 F.2d 1334, 1347 (2d Cir.), *cert. denied,* 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974).

## A. *Irreparable Harm*

■ Andros and Sanko argue that they have demonstrated irreparable harm in that, under the circumstances of this case outlined above, if InterPetrol is not restrained, the danger is great that it will transfer the proceeds of any recovery from Holborn beyond the reach of creditors such as Intertanker and, in turn, Andros and Sanko. InterPetrol, on the other hand, contends that Andros and Sanko have other remedies at law both before the provisional liquidator in Bermuda and in the suit which Andros has filed against Intertanker and InterPetrol in the Southern District of New York and thus cannot demonstrate irreparable harm.

In light of the fact that the recent report of the Bermudian liquidator indicates no

success to date in locating any assets of Intertanker and that InterPetrol is interposing a defense of lack of personal jurisdiction in the action filed by Andros against Intertanker and InterPetrol, the Court finds that these remedies are not adequate and that Andros and Sanko have met their burden of establishing irreparable harm. *See, e.g., In re Feit & Drexler, Inc.,* 760 F.2d at 416 (injunctive relief appropriate to prevent defendant from transferring assets out of the jurisdiction to make uncollectible any judgment the plaintiff may eventually obtain against her).

### B. *Probable Success on the Merits*

■ Andros and Sanko argue that they have demonstrated sufficient evidence of the likelihood of success on the merits in that (1) Andros and Sanko have judgments against Intertanker; (2) Intertanker chartered vessels for InterPetrol, commissions for which are still owing to Intertanker by InterPetrol; (3) InterPetrol transferred all of Intertanker's cash out of Intertanker and replaced it with receivables; (4) Inter-Petrol has no assets other than its claims against third parties and many, if not most, of the claims InterPetrol is pursuing in New York are claims where InterPetrol owes the proceeds to Intertanker; and (5) much of the evidence of Intertanker's relationship to InterPetrol comes directly from the testimony of InterPetrol's president or that of a former InterPetrol employee who was testifying within the scope of his employment.

InterPetrol contends that the alleged evidence from InterPetrol's former employee is stale in that he left the employ of Inter-Petrol over five years ago. The Court finds this argument unpersuasive because both companies have been inactive for several years so a more recent employee would not exist and because much of the evidence in fact comes from InterPetrol's president and not the former employee. Furthermore, InterPetrol has made no effort to offer proof contradicting the continuing validity of the substance of this testimony or to aver the payment of any monies from InterPetrol to Intertanker has been or will be made.

The Court finds on this evidence that Andros and Sanko have sustained their burden of demonstrating a likelihood of success on the merits. In any event, Andros and Sanko clearly have demonstrated sufficiently serious questions going to the merits to make them a fair ground for litigation, and, because of the likelihood that InterPetrol would otherwise attempt to transfer these assets out of the jurisdiction, the balance of hardships tips decidedly in Andros' and Sanko's favor.

Accordingly, the Court finds that Andros and Sanko meet either part of the second prong of the Second Circuit test, and it is appropriate that a preliminary injunction issue.

### *Posting a Security*

InterPetrol requests that, if the Court issues a preliminary injunction, the Court also order the posting of a security in the amount of $252,936.26, the amount due InterPetrol by Holborn as of December 31, 1986.

Rule 65(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Fed.R.Civ.P. 65(c).

■ Andros and Sanko correctly point out that the amount of the security given by an applicant for an injunction is a matter for the discretion of the district court, which may in the exercise of that discretion require the posting of no security at all. *See, e.g., United States v. Bedford Associates,* 618 F.2d 904, 916–17 n. 23 (2d Cir. 1980), *cert. denied,* 456 U.S. 914, 102 S.Ct. 1767, 72 L.Ed.2d 173 (1982); *International Controls Corp. v. Vesco,* 490 F.2d at 1356; *Ferguson v. Tabah,* 288 F.2d 665, 675 (2d Cir.1961).

■ Where, as here, the preliminary injunction is phrased in terms of payment of

an arbitration award into the registry of this Court such that the funds earn interest during the pendency of this action, the Court finds that the posting of a security is not necessary because there is no demonstration of harm to InterPetrol as a result of the imposition of the injunction. Accordingly, InterPetrol's request for the posting of an injunction security is denied.

*Deposit into Court*

■■ Holborn moves for an order under Rule 67 of the Federal Rules of Civil Procedure permitting Holborn to deposit with the Court the amount of money due InterPetrol from Holborn in the event that this Court confirms the arbitration award plus interest and less one half of the arbitrators' fees and discharging Holborn from any further liability to InterPetrol thereunder.

Rule 67 provides:

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. The party making the deposit shall serve the order permitting deposit on the clerk of the court. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28 U.S.C. Sections 2041 and 2042; the Act of June 26, 1934, c. 756, Section 23, as amended (48 Stat. 1236, 58 Stat. 845), U.S.C., Title 31, Section 725v; or any like statute. The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

Fed.R.Civ.P. 67.

InterPetrol, relying on *Eurolines Shipping Co., S.A. v. Metal Transport Corporation*, 491 F.Supp. 590, 592 (S.D.N.Y.1980) (where a party petitioned the court for confirmation of an arbitration award and the opposing party sought to deposit the amount awarded with the court pending final resolution by the arbitrators of the opposing party's claim which amounted to a complete set-off), opposes Holborn's Rule 67 motion on the ground that "Rule 67 does not authorize such a deposit here, where no action has been brought seeking a sum of money." Holborn correctly points out that the *Eurolines* decision is clearly distinguishable. As between Holborn and InterPetrol, the arbitration award is dispositive of all disputes and can be reduced to final judgment. In *Eurolines,* however, the award was only partial and the charterer was seeking to preserve access to the funds payable to the owners because it had a substantial claim for loss of cargo that had not yet been considered by the arbitrators.

Holborn has satisfied the preconditions for permitting the deposit of the arbitration award into the Court, as it has conceded its liability and demonstrated a possible danger that InterPetrol's debts to Intertanker may subject Holborn to multiple suits by conflicting claimants. *Matter of Apex Towing Company and Trading Corporation of Pakistan,* No. 82 Civ. 8324, slip op. at 8 (S.D.N.Y. Sept. 19, 1986) [Available on WESTLAW, DCT database]. Here, Andros and Sanko have moved to intervene as conflicting claimants.

In view of these competing claims to InterPetrol's recovery from Holborn and the danger of multiple liability which it presents for Holborn, Holborn is instructed to notify all parties and to pay into the Court in the manner provided by 28 U.S.C. § 2041 the liquidated sum of $217,103.00 plus interest until the date of deposit. *Apex Towing Company,* slip op. at 8. *See Kotsopoulos v. Asturia Shipping Co., S.A.,* 467 F.2d 91 (2d Cir.1972) (interest on judgment stops running against depositing party upon payment into court of the amount of judgment and interest to date of such payment).

Holborn has failed to provide any basis for its assertion that one half of the amount of the arbitrators' fees should be deducted from this payment, and its motion to do so is denied without prejudice to a

demonstration by Holborn that this deduction is proper.

## CONCLUSIONS

For the above stated reasons, Andros' and Sanko's motions to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure and for an injunction compelling any funds for satisfaction of the arbitration award to be deposited in the registry of this Court are GRANTED. Steven C. Pascal's motion to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure also is GRANTED. Holborn's motion for an order pursuant to Rule 67 of the Federal Rules of Civil Procedure is GRANTED.

SO ORDERED.