**ANDROS COMPANIA MARITIMA, S.A., Plaintiff,**

v.

**INTERTANKER LTD. and Henri Lehner, Defendants.**

**In the Matter of the Arbitration between HOLBORN OIL TRADING, LTD., Petitioner,**

and

**INTERPETROL BERMUDA LIMITED, Respondent.**

Nos. 86 Civ. 7578(PKL), 86 Civ. 8244(PKL).

United States District Court, S.D. New York.

Aug. 28, 1989.

Healy & Baillie (John C. Koster, of counsel), New York City, for Andros Compania Maritima, S.A.

Dunnington, Bartholow & Miller (Jeffrey H. Daichman, of counsel), New York City, for Henri Lehner and InterPetrol Bermuda Ltd.

LEISURE, District Judge.

These protracted actions continue to proceed along a tortured, litigious path. Discovery is ongoing, and a consolidated hearing on a preliminary injunction and trial on the merits has been scheduled by the Court to commence on October 30, 1989. Meanwhile, the actions have again come before the Court upon the motion of InterPetrol Bermuda Ltd. ("InterPetrol") to dissolve a preliminary injunction which was entered in April of 1987.

BACKGROUND

These actions have generated numerous judicial determinations, and familiarity with the prior issued opinions is assumed. For present purposes, the Court will not re-summarize the entire history of these cases, nor re-describe the relationships and allegations involving the various parties. It is necessary, however, to briefly explain the nature of the actions to understand the rulings which the Court makes here.

There were initially two separate actions. *In the Matter of Holborn Oil Trading and InterPetrol Bermuda*, 658 F.Supp. 1205 (PKL) (the *"Holborn* action") was originally before the Honorable Shirley Wohl Kram, District Judge of this Court. An opinion and order, which will be discussed in more detail below, was issued in that

action. *See,* 658 F.Supp. 1205 (S.D.N.Y. 1987). Subsequent to the issuance of that opinion, the *Holborn* action was transferred to this Judge as related to *Andros v. Intertanker,* 714 F.Supp. 669 (S.D.N.Y. 1989) (PKL) (the *"Andros* action"). This Court issued an opinion and order dated June 9, 1989 in the *Andros* action, which will also be discussed in more detail below.

After this Court's June 9, 1989 order, the two actions were consolidated for all pretrial purposes, by an order dated July 7, 1989.[1]

*The Holborn Action.*

The basis of the *Holborn* action was an arbitration award arising from a breach of a contract for the sale of oil products. That award was rendered in favor of Inter-Petrol, and against Holborn Oil Trading Ltd. ("Holborn"), for the amount of $217,-103.00. InterPetrol and Holborn both sought to confirm that award and have it reduced to judgment under 9 U.S.C. § 203, and Holborn additionally sought an order allowing it to deposit the funds into Court under Fed.R.Civ.P. 67, and absolving it of further liability under the arbitration.

Andros Compania Maritima, S.A. (*"Andros "*) and The Sanko Steamship Company ("Sanko") moved to intervene in that action under Fed.R.Civ.P. 24(a)(2). Andros and Sanko claimed to have a direct interest in InterPetrol's arbitration award, by virtue of their status as judgment creditors of InterPetrol's wholly-owned insolvent subsidiary Intertanker, Ltd. ("Intertanker"). The basis for that claimed interest was an allegation that InterPetrol's fraudulent use of the Intertanker subsidiary justified piercing of the corporate veil, and that InterPetrol was therefore directly liable for

the debts of Intertanker. The Court granted the motions by Andros and Sanko to intervene. *See Holborn, supra,* 658 F.Supp. at 1209.

Additionally, Andros and Sanko sought a preliminary injunction, compelling InterPetrol to deposit any proceeds of its confirmed arbitration award into the registry of the Court until their claims against InterPetrol could be resolved. It was argued, *inter alia,* that there was a demonstrated possibility that InterPetrol would transfer the monies beyond the reach of the intervenors. The Court determined, on the evidence then before it, that the intervenors had demonstrated a likelihood of success on the merits sufficient to warrant injunctive relief.[2] *See, Holborn, supra,* 658 F.Supp. at 1210–1211. Accordingly, the funds from the Holborn–InterPetrol arbitration were deposited into the registry of the Court, and have since been transferred to an interest bearing account upon stipulation of the parties.

*The Andros Action.*

Meanwhile, Andros had filed a separate suit against InterPetrol and its principal Henri Lehner ("Lehner"), based upon the same general allegations that formed the basis of the intervention application in *Holborn.* Andros sought broader preliminary injunctive relief in that action, aimed at all of the defendants' assets in New York, up to the value of Andros' judgment against Intertanker.

InterPetrol and Lehner, who were defendants in the Andros action, responded to the injunction application by moving to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and on *forum non conveniens* grounds. The Court denied the

---

**1.** There is a third related action involving certain of these same parties, namely *In re InterPetrol Bermuda Ltd. and Stinnes Interoil Inc.,* 88 Civ. 8628(PKL) (the *"Stinnes* action"). The *Stinnes* action remains, at this time, unconsolidated with the *Holborn* and *Andros* actions. There are outstanding motions in *Stinnes,* including a motion by Andros to intervene. As a practical matter, the determinations in *Stinnes* will not be made prior to the resolution of the issues in the *Holborn/Andros* matter. It may be that the issues in *Stinnes* will ultimately be

simplified, depending upon the outcome of the scheduled hearing in October.

**2.** The parties apparently did not seek an evidentiary hearing on that preliminary injunction application, nor was one held. In such a case, it was proper for the Court to base its determinations on the submissions of the parties. *See, e.g., Consolidated Gold Fields PLC v. Minorco S.A.,* 871 F.2d 252, 256 (2d Cir.1989); *Holt v. Continental Group, Inc.,* 708 F.2d 87, 90 n. 2 (2d Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1294, 79 L.Ed.2d 695 (1984).

challenge to subject matter jurisdiction, and, because of the nature of the relief sought, allowed discovery and scheduled a hearing on the remaining jurisdictional issues, prior to the possible issuance of the requested injunctive relief. *See, Andros* 714 F.Supp. at 673–674. Andros failed to satisfy the "preponderance of the evidence" standard applicable to post-hearing jurisdictional determinations with regard to InterPetrol, and the claim stated in the *Andros* complaint was consequently dismissed against InterPetrol. The standard was, however, met with regard to the individual Lehner, the *forum non conveniens* motion was denied, and the claim against Lehner in the *Andros* complaint therefore remains.

### The Present Application.

The posture of these cases presents several interesting issues, which have not been addressed by either party. For the following reasons, however, the Court will not dissolve the injunction or intervention originally granted by the Court in the *Holborn* action.

The actions present a unique situation, in that InterPetrol was clearly before the Court in the *Holborn* action, but its appearances in New York courts alone were not sufficient to subject it to general state long arm jurisdiction in the *Andros* action. InterPetrol now attempts to bootstrap its success in extricating itself from the separate claim of the *Andros* case into a retroactive blanket immunity from intervention by third parties under Fed.R.Civ.P. 24.

InterPetrol's argument is, essentially, that the intervention and injunction originally granted in the *Holborn* action was improper, because of the subsequent failure of plaintiff to establish personal jurisdiction over InterPetrol by a preponderance of the evidence in the *Andros* action. InterPetrol's present challenge is based solely upon this argued lack of personal jurisdiction by this Court.

It is necessary, then, to examine the basis of jurisdiction in the *Holborn* action. Contrary to InterPetrol's apparent assumption, jurisdiction in that case was certainly *not* based upon the traditional exercise of personal jurisdiction over a defendant, via the federal court's incorporation of New York state long arm statutes. The entire argument of InterPetrol misses this crucial point. InterPetrol believes that it should be allowed to step into New York courts as it pleases, free from the possibility of the assertion of any counterclaims, interventions or cross claims, because it is "not subject to personal jurisdiction" in New York.

It is clear, however, that as a party to the petition to confirm its arbitration award in the *Holborn* action, InterPetrol placed itself before the Court. In its pleadings in that action, InterPetrol itself sought to have the award confirmed and reduced to judgment.[3] InterPetrol was, in both a legal and a practical sense, essentially a plaintiff in the *Holborn* action, where the injunctive relief was entered. When that fact is considered, the absurdity of InterPetrol's present application becomes apparent.

It is a fundamental tenet of jurisdictional law that a party may waive a challenge to the Court's *in personam* jurisdiction, *e.g.,* Fed.R.Civ.P. 12(h)(1), and appearing and seeking affirmative relief from the Court is the paradigm of such a waiver. *See, Adam v. Saenger,* 303 U.S. 59, 67–68, 58 S.Ct. 454, 458, 82 L.Ed. 649 (1938). InterPetrol's appearance in the *Holborn* action might have even provided a colorable argument for statutory personal jurisdiction over it as a defendant in the *Andros* action, under New York Civil Practice Law and Rules ("CPLR") § 303. The Court notes that on the present facts, however, § 303

---

**3.** Specifically, InterPetrol's "answer" to the petition to confirm the arbitration award in *Holborn* stated that "InterPetrol admits, in answering paragraph 'First', that this Court has jurisdiction of the parties and of the subject matter of this case." Additionally, InterPetrol asserted the following claim; "Respondent InterPetrol Bermuda Limited (having been paid neither any principal nor any interest on the Award) asks this Court for an Order: (1) Confirming the Award against Petitioner Holborn; (2) directing that judgment be entered thereon in favor of [InterPetrol] and against [Holborn]; …"

would not have provided an independent basis of general jurisdiction in the *Andros* case. *See, e.g., Evergreen Systems, Inc. v. Geotech Lizenz,* 697 F.Supp. 1254, 1256–57 (E.D.N.Y.1988).[4] Again, it must be emphasized that InterPetrol's present position before the Court is not based upon an exercise of state long arm, or *quasi in rem,* jurisdiction over it as a "defendant." This is a point which neither party seems to have grasped.

Nevertheless, it is clear that InterPetrol's present incongruous challenge to personal jurisdiction, in the very same action in which it petitioned the Court to confirm its arbitration award, must fail. It is equally apparent that InterPetrol's due process "minimum contacts" arguments are inapposite, in that such analysis involves a court's exercise of jurisdiction over nonconsenting defendant parties, pursuant to state long arm statutes. *See, e.g., Retail Software Services, Inc. v. Lashlee,* 854 F.2d 18, 23 (2d Cir.1988) (due process satisfied if "minimum contacts exist between the *defendant* and the forum state.") (emphasis added) (*citing, World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *McGee v. Internat'l Life Ins. Co.,* 355 U.S. 220, 222, 78 S.Ct. 199, 200, 2 L.Ed.2d 223 (1957); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

InterPetrol argues that "circumstances have ... changed" since the *Holborn* opinion, and the injunction must now be dissolved. *See* Reply Memorandum at p. 6. All that has happened, however, is that Andros, as a plaintiff in a then-separate action, failed to sustain its burden to establish personal jurisdiction over InterPetrol, as a defendant, in that action. Andros could have chosen, as Sanko apparently did, to rely on its intervention in *Holborn.* If the *Andros* action had never been initiated, there would of course be no basis for

InterPetrol's present application. InterPetrol cannot assert a right or defense that it would not otherwise have had in the *Holborn* action, namely immunity from intervention, because of the fortuitous filing of the second action by Andros. While the interactions of these cases are complex, they have been recognized by the Court, if not the parties, at all times. *See, Holborn, supra,* 658 F.Supp. at 1210–11; *Andros, supra,* 714 F.Supp. at 673, n. 5.

There is one additional element of InterPetrol's present application which warrants brief comment. Throughout its papers, InterPetrol refers to the lack of connection between the New York activities of InterPetrol and the claims of Andros. *See, e.g.,* Reply Memorandum at p. 5. As indicated above, this traditional area of jurisdictional inquiry is not relevant to these cases in their present posture. To the extent that such assertions go to the propriety of the Fed.R.Civ.P. 24 intervention itself, the Court merely notes that the prior *Holborn* opinion extensively considered whether the intervenors "have interests relating to the property or transaction which is the subject of this action." *Holborn, supra,* 658 F.Supp. at 1208–09. This Court is not going to deviate from the prior determination that the status of the intervenors as judgment creditors of InterPetrol's subsidiary, coupled with the possibility that the corporate veils of the various parties might be pierced, justified intervention under Fed.R. Civ.P. 24.

Accordingly, InterPetrol's motion to vacate the injunction entered in *Holborn, supra,* is denied in its entirety.

With this last preliminary matter out of the way, these actions should be ready to proceed, finally, to a meaningful evaluation of the merits at the proceeding in October. That evaluation will have one of two results. One possibility is that the evidence will show that, under the applicable law,

---

4. The Court in *Evergreen Systems,* after consideration of CPLR § 303, concluded that the plaintiff's appearance in the first action did not provide a basis for jurisdiction over it as a defendant in the *second* action. *Id.,* 697 F.Supp. at 1257. As indicated in the discussion above, it

has already been determined that personal jurisdiction does not exist over InterPetrol under the second claim. *See, Andros, supra,* 714 F.Supp. at 674–677. Unlike the present cases, however, *Evergreen Systems* did not involve an intervenor situation.

the corporate veils should be pierced. Andros and Sanko, as intervenors, will then be able to satisfy their judgments against the corporate parent, to the extent that the parent's funds are currently held by the Court, and Andros, as plaintiff, will be able to satisfy its judgment against the corporate principal Lehner. Alternatively, the evidence will fail to justify such piercing, the actions will be dismissed, and the injunction dissolved.

## CONCLUSION

InterPetrol's application to dissolve the injunction entered on April 1, 1987 is denied. Counsel for all parties will appear for a pre-trial conference in Courtroom 36 at 3:00 p.m. on October 6, 1989.

SO ORDERED.