PARKER *et al. v.* LINDEN *et al.*

(*Supreme Court, General Term, First Department.* February 11, 1891.)

SETTING ASIDE—PREMATURE JUDGMENT.

A judgment entered before one of the defendants' time to answer has expired will be set aside as premature on the application of such defendant, though on the trial of the case there has been an adjudication of her death.

Appeal from special term, New York county.

Action by John Parker and Robert Graham, executors, etc., of James Linden, deceased, against Maria Linden, James Lego, *alias* Lythgoe, and others, for the construction of the will of James Linden, for a sale of testator's realty, and for a decree declaring certain legacies as having lapsed by the death of the devisees during testator's life-time. The will was dated November 9, 1879, and testator died in New York City on June 10, 1885. One of the devisees—testator's half-sister, Jane Lego, *alias* Jane Smith—went to Australia from Liverpool, Eng., about 1837. She was then 22 years old. Afterwards she went to New Zealand, and her relatives had not heard from her for about 50 years. The court found as a conclusion of law that the devise to her had lapsed, and that as to it testator had died intestate. Judgment was entered accordingly. Subsequently the attorney for the executors moved that the judgment be set aside as premature and irregular on the ground that before the entry of judgment said devisee Jane Smith had made a motion to be al-

lowed to come in and defend on an affidavit, verified before the United States consul at Auckland, New Zealand, establishing her identity; that such motion was granted, and 40 days given her in which to answer; and that such time had not yet expired.    The motion to set aside the judgment was denied, from which order, as well as from the judgment itself, plaintiffs appeal.   For former report, see 13 N. Y. Supp. 95.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*I. N. Miller,* for appellants.    *A. J. Skinner,* for respondents.

VAN BRUNT, P. J.    The question upon the appeal from the order is whether the court should have vacated the judgment which had been entered herein, it appearing that at the time of the entry of the judgment the time to answer of one of the defendants had not expired.    It does not seem necessary to discuss at length any such proposition.    It is true that upon the trial of the case there had been an adjudication that this defendant was dead; but it would seem that she was very much alive, notwithstanding the adjudication, and that she had appeared in the action, and had been granted leave to answer the complaint, which time to answer had not expired at the time of the entry of the judgment.    She was a necessary party to the action.    She was not in default; and the judgment, therefore, was clearly irregular, and should have been set aside.    The order appealed from should be .reversed, with $10 costs and disbursements, and the motion to set aside the judgment granted.

As for the appeal from the judgment, a motion having been made to set that aside for irregularity in reference to the additions made thereto, which motion was denied, and upon appeal the order entered thereupon reversed, and the motion granted, it is not necessary to consider the same.    The appeal, therefore, from the judgment should be dismissed, without costs.    All concur.