VERA WINTER, Respondent, v. CARL WINTER, Appellant.

(Argued February 19, 1931; decided March 24, 1931.)

*William MacFarlane* for appellant. Service of the summons in the annulment action was not complete when

the proofs were taken and decree granted. (*Stokes* v. *Stokes*, 198 N. Y. 301; *Davidson* v. *Ream*, 178 App. Div. 362; *Morocchini* v. *Morocchini*, 212 App. Div. 21; *Kahn* v. *Kahn*, 126 Misc. Rep. 44; *Furman* v. *Furman*, 153 N. Y. 309; *Mandeville* v. *Reynolds*, 68 N. Y. 529; *Kamp* v. *Kamp*, 59 N. Y. 212; *Hughes* v. *Cuming*, 165 N. Y. 91; *F. & C. Co.* v. *Marendino*, 202 App. Div. 24; *Greenfield* v. *Greenfield*, 215 App. Div. 504; *McGrath* v. *Roefs*, 119 Misc. Rep. 641; *Gruner* v. *Ruffner*, 134 App. Div. 837; *Weiser* v. *Landess*, 172 N. Y. Supp. 337; *Market Nat. Bank* v. *Pacific Nat. Bank*, 89 N. Y. 397; *Matter of Wright*, 224 N. Y. 293; *Matter of Reed*, 218 N. Y. 711; *Smith* v. *Butler*, 215 App. Div. 361; *City of Albany* v. *Goodman*, 203 App. Div. 530; *Bamonte* v. *Ocean Beach F. I. Co.*, 222 App. Div. 676; *Darrow* v. *Caulkins*, 154 N. Y. 503.) The appellant can set up want of jurisdiction of the court to render the decree of annulment. (*Kerr* v. *Kerr*, 41 N. Y. 272; *Losey* v. *Stanley*, 147 N. Y. 460; *Beardslee* v. *Dolge*, 143 N. Y. 160; *O'Donoghue* v. *Boies*, 159 N. Y. 87; *Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *Smith* v. *Central Trust Co.*, 154 N. Y. 333; *Risley* v. *Phenix Bank*, 83 N. Y. 318; *Goldberg* v. *Levine*, 199 App. Div. 292.)

*H. H. Cohen* for respondent. The court acquired jurisdiction by the service of the summons. The failure to attach the certificate of authentication to the affidavit of service was, at most, an irregularity, and not a jurisdictional defect. (*Sleicher* v. *Sleicher*, 251 N. Y. 366; *Valz* v. *Sheepshead*, 249 N. Y. 122; *Fawcett* v. *Vary*, 59 N. Y. 597; *Lawton* v. *Kiel*, 51 Barb. 30; *Rothschild* v. *Mannesovitch*, 29 App. Div. 580; *Falikman* v. *Falikman*, 206 App. Div. 7; *Von Arx* v. *Boone*, 193 Fed. Rep. 612; *Fidelity Ins. T. & S. Deposit Co.* v. *Roanoke Iron Co.*, 81 Fed. Rep. 439; *Hibernia Savings & Loan Society* v. *Matthai*, 116 Cal. 424; *White* v. *Crow*, 110 U. S. 183; *Cunningham* v. *Spokane Hydr. Min. Co.*, 20 Wash. 450; *National Ins. Co.* v.

*Chamber of Commerce,* 69 Ill. 22; *Burr* v. *Seymour,* 43 Minn. 401; *Zahorka* v. *Geith,* 129 Wis. 498; *Matter of Newman,* 75 Cal. 213.)

KELLOGG, J. A civil action is commenced by the service of a summons. (Civ. Prac. Act, § 218.) In an action to annul a marriage the defendant may be served by publication. (Id. § 232.) Such service is made when the summons has been published in two newspapers for six successive weeks, and the summons and complaint, together with a notice, have been mailed to the defendant. (Rules Civ. Prac. rule 50.) It is complete on the forty-second day after the day of first publication. (Rule 51.) " In all cases when publication of the summons is ordered, service of the copy of the summons and complaint and of any accompanying notice required by rules by the delivery thereof to the defendant personally without the State is equivalent to notice by publication and deposit in the post-office." (Civ. Prac. Act, § 233.) Since publication for six weeks and mailing completes service by publication, commences the action and furnishes jurisdiction, necessarily its " equivalent," viz., personal service without the State, equally well provides jurisdiction. True, rule 51 in part provides: " Service without the State in lieu of publication is complete ten days after proof thereof is filed." However, the convention which formulated the rules was permitted to make only such rules as were " not inconsistent with the Judiciary Law nor with the Civil Practice Act, adopted by this Legislature." (Laws of 1920, ch. 902; Laws of 1921, ch. 370.) The full equivalence with publication of personal service without the State having been declared by the Legislature, the convention was powerless to provide that to constitute such equivalence, an additional element, viz., the lapse of a stated period of time after service must be present. The sentence quoted from rule 51 is immediately preceded by this: " For the purpose of reckoning the time within which the defendant

must appear or answer, service by publication is complete on the forty-second day after the day of first publication." Doubtless it was for the purpose so announced, and that purpose only, that the provision in reference to the completion of personal service without the State was promulgated. Clearly, it could have no greater force, even if, indeed, it be forceful to accomplish that result. Certainly, under section 233 of the Civil Practice Act, personal service without the State when made, *ipso facto*, commences the action and supplies jurisdiction.

The plaintiff, in the annulment suit instituted by her against a former husband, pursuant to an order of publication, had made service without the State fully eight months prior to the entry of the judgment of annulment. It is true that an affidavit of service, accompanied by an appropriate certificate, as to the authority of the non-resident notary who administered the oath to the affiant, was not filed until the moment when the judgment was entered. Clearly the utmost which might be claimed is that the judgment was prematurely entered; since ten days had not elapsed after the filing of the proper papers, to start running the defendant's time to answer, as provided in rule 51. A judgment entered after personal service of a defendant within the State, but prior to the expiration of his time to answer, is an irregular and voidable, but not a void, judgment. (*Harper* v. *Biles*, 115 Penn. St. 594; *Parker* v. *Linden*, 13 N. Y. Supp. 787; *Matter of Newman*, 75 Cal. 213; Black on Judgments, vol. 1, § 85; Freeman on Judgments, vol. 3, § 1289.) In *Sheffey* v. *Davis Colliery Co.* (219 Fed. Rep. 465, 468) the court, after so stating the rule, said: " We see no reason why the same rule should not apply in cases of service by publication, and the weight of authority is clearly to that effect;" and that after publication has been completed, " the power of the court thereupon attaches to exercise its functions in respect to the subject-matter of the suit." In the case of *Matter of Newman* (*supra*) it

was said: " It is the fact of service which gives the court jurisdiction,— not the proof of service,— and the court had authority to receive the amended affidavits of service after judgment and before the roll was made up." We think that under our procedure a failure to file the required proofs of service until judgment rendered did not render the judgment void.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN and O'BRIEN, JJ., concur; POUND and HUBBS, JJ., not sitting.

Judgment affirmed.