OPINION OF THE COURT
Anthony J. Ferraro, J.
Motion is made by third-party defendants, Durick and Siegel, (1) to dismiss causes of action asserted against them upon the ground that the court lacks jurisdiction of their persons and (2) to vacate the demand for their addresses made by third-party plaintiff.
Service herein was made upon the moving defendants by serving papers on the attorneys who represent them in an action pending in the United States District Court, Southern District of New York.
The third-party plaintiff contends that the attorneys for the moving defendants in the District Court action are their agents for service herein pursuant to CPLR 303.
CPLR 303 provides that "[t]he commencement of an action in the state by a person not subject to personal jurisdiction is a designation by him of his attorney appearing in the action * * * for service of a summons * * * in any separate action in which such a person is a defendant * * * if such separate action would have been permitted as a counterclaim had the action been brought in the supreme court.”
The third-party plaintiff and the third-party defendants are all defendants in the District Court action. In that action the third-party defendants herein have asserted a cross claim against the third-party plaintiff herein.
The third-party defendants contend that the filing of the cross claim in the Federal action was not "[t]he commencement of an action in the state” within the purview of CPLR 303 and that this action would not have been permitted as a counterclaim therein.
The apparent purpose of CPLR 303 is to subject a nonresident who invokes the jurisdiction of our courts to in personam jurisdiction. However, since such subjection is in derogation of the constitutional right to due process, proper safeguards must be provided to sustain the service. Accordingly, the statute requires (1) the commencement of an action in the State by *690 the nonresident, (2) the limitation of the section to actions which could have been interposed as counterclaims in the original action and (3) service of process upon the attorney who commenced the action in this State.
The first enumerated safeguard is the key to constitutional safety. The second and third are secondary requirements. Firstly, because there could be no counterclaim if no action were commenced. Secondly, because there would be no attorney to serve unless such action were commenced. The commencement of the action is the crucial requirement. The subsequent service upon the attorney rather than the client is not a drastic deviation because the attorney could have been served in any event if the action had been brought as a counterclaim.
The moving defendants did not commence an action in New York State. They were brought into a Federal court in this State as defendants under section 27 of the Securities and Exchange Act of 1934 (US Code, tit 15, § 78aa) which permits service upon a defendant wherever he may be found. They were brought into the State under a long-arm statute in the first place. That same arm cannot be further extended to subject them to separate jurisdiction in an independent State action. To do so would dilute the effect of the long-arm service beyond the required concentration to constitute constitutional protection and do umbrage to the supreme fundamental law that a citizen’s free exercise of the right to resort to a Federal court must not be saddled with the burden of subjecting him to otherwise nonexistent State jurisdiction. (See Terral v Burke Constr. Co., 257 US 529.)
The moving defendants did not invoke the jurisdiction of our court nor of the Federal court. They do not seek affirmative relief in either court but merely seek negative type relief of setoff against a codefendant in the Federal court action. They do not meet the test of action commencing either under the Federal rule which requires the filing of a complaint (Fed Rules Civ Pro, rule 3 [US Code, tit 28, Appendix]) nor the State rule which requires the service of a summons, CPLR 304.
A plaintiff, though nonresident, who by his own voluntary act demands justice from a defendant in this State, may be deemed to have submitted himself to the jurisdiction of the court for all purposes for which justice to the defendant requires his presence. (Adam v Saenger, 303 US 59.) But this *691 rule may not be extended to apply to the moving defendants herein who are not plaintiffs but defendants; who are not here by voluntary act but by compulsion of long-arm process and who are in an entirely different plane of court jurisdiction. The State may not exact jurisdiction as a price for involuntary submission to a Federal court though within its territorial borders.
In commenting on CPLR 303, Weinstein, Korn and Miller state that the section was intended to allow "service on an attorney” as to any "claims against a plaintiff who sought to take advantage of New York courts by commencing his action”. (1 Weinstein-Korn-Miller, NY Civ Prac, par 303.02.) In this case there is no claim against a plaintiff, there is no seeking to take advantage of New York courts and there is no commencement of an action. There is therefore total noncompliance with the requirements and complete exclusion from the intended purpose.
Professor McLaughlin in his Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C303:l) states that "[t]he basis of jurisdiction in these cases is, not the defendant’s presence in the state, but the fact that he has elected to use our courts”. The moving defendants have neither made an election nor are they using our State courts. The very basis of jurisdiction is therefore lacking.
If the court sanctioned the service, not only would it be treading upon the movants’ constitutional rights but it would be extending the meaning of the legislative enactment clearly expressed in unambiguous language. CPLR 303 specifically requires the commencement of an action by the nonresident and the service upon the attorney is only authorized when the separate action could have been interposed as a counterclaim to the action commenced by the nonresident. If the Legislature had intended to confer in personam jurisdiction of a nonresident in any instance when he became involved in litigation whether as a plaintiff or as a defendant, whether in a State or Federal court and regardless of the type of action, it would have so stated. This court cannot put words into the mouthed enactment of the State Legislature.
The motions to dismiss the causes of action against third-party defendants Durick and Siegel are granted for lack of in personam jurisdiction.
Since the moving defendants are not properly before the court and are not parties to this action, they may not be *692 required to reveal their addresses. CPLR 3118 only authorizes a demand for an address from a party to the action. The motion to vacate the demand is granted.