■ ROCKWOOD NATIONAL CORPORATION et al., Plaintiffs, v PEAT, MAR-WICK, MITCHELL & Co., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants and Third-Party Defendants. WILLIAM J. DURICK et al., Third-Party Defendants-Respondents.—In an action, inter alia, to recover damages for accounting malpractice, defendant third-party plaintiff appeals from an order of the Supreme Court, Westchester County, dated December 20, 1976, which granted the motion of third-party defendants William J. Durick and Lawrence I. Siegel to (1) dismiss the causes of action asserted against them for lack of personal jurisdiction and (2) vacate third-party plaintiff's demand for their addresses. Order affirmed, with one bill of $50 costs and disbursements. Appellant and respondents are defendants in an action pending in the United States District Court for the Southern District of New York which action was brought under the Securities and Exchange Act of 1934. Respondents' answer in that action contained a cross claim against appellant. This instant action, which concerns a related subject matter, was commenced by another party in the Supreme Court, Westchester County. Appellant, a defendant in this action as well, seeks to obtain jurisdiction over respondents as additional defendants to its counterclaims. Service on respondents, who are nonresidents, was made pursuant to CPLR 303. Respondents assert that jurisdiction over their persons was not obtained. CPLR 303 is derived from section 227-a of the Civil Practice Act. That statute provided that, in certain circumstances, personal jurisdiction could be obtained over nonresident plaintiffs in pending State court actions. By its terms, jurisdiction under section 227-a was limited to plaintiffs in actions pending "in any court of this state". Consequently, section 227-a did not apply to parties to actions in Federal courts situated in our State. The basis for this type of jurisdiction was explained by the Law Revision Commission, which recommended enactment of the provision under the principle of Adam v Saenger (303 US 59). In Adam, the Supreme Court held that a State could constitutionally obtain in personam jurisdiction in a cross action against a nonresident plaintiff in its courts. Jurisdiction was the price, the opinion stated (p 68): "which the state may exact as the condition of opening its courts to the plaintiff" (see, also, 1949 Report of NY Law Rev Comm, p 174). Under CPLR 303, "commencement of an action in the state by a person not subject to personal jurisdiction is a designation" by that person of his attorney in that action as his agent for service of a summons in any separate action, if that action could have been asserted as a counterclaim. The legislative history contains no explanation of the wording of CPLR 303. Although the language is ambiguous, it is our opinion that the Legislature did not intend to alter the existing law in this regard. We conclude that CPLR 303 is inapplicable where the pending action is commenced in Federal court, and that, consequently, no personal jurisdiction over the respondents was obtained in this case. In so holding, we do not decide whether a more expansive reading of CPLR 303 would be constitutionally permissible. Nor do we decide whether jurisdiction would have been obtained on these facts had the original action been commenced in a State court. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.