■ RONALD ELLIOT, Appellant, v CHARLES E. JAMES, JR., Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Suffolk County (Corso, J.), dated August 25, 1982, which granted defendant's motion to extend his time in which to serve an answer. Order affirmed, with costs. Defendant's time to serve an answer is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. This action arose out of an automobile accident which allegedly occurred on February 9, 1979. However, plaintiff did not attempt to commence the action until January, 1982, almost three years later. In the interim, defendant had moved from the Suffolk County address given at the time of the accident, and plaintiff's investigation revealed only that defendant had apparently taken up residence out of the State. With the three-year period of limitation (CPLR 214, subd 5) about to expire, plaintiff served the Sheriff of Suffolk County on February 2, 1982, thereby extending the period for an additional 60 days (CPLR 203, subd [b], par 5). Thereafter, on March 22, 1982, the summons and complaint were served upon the Secretary of State pursuant to the provisions of sections 253 and 254 of the Vehicle and Traffic Law. However, there is no proof in the record before us that notice of service upon the Secretary of State and copies of the summons and complaint were sent to defendant by certified or registered mail with return receipt requested, or that an affidavit and proof of delivery was filed with the clerk of the court verifying that service was made in the manner prescribed by the statute. Since section 253 of the Vehicle and Traffic Law provides that service is complete only upon filing with the clerk, we are unable to determine from the record when service was completed in this case. Indeed, it seems likely that service was never completed at all, since defendant's out-of-State address was unknown. Therefore, since defendant was required to serve his answer within 30 days after service of the summons and complaint was complete (CPLR 320, subd [a]; 3012, subd [c]), we cannot say that defendant's time to answer has run. Accordingly, defendant is entitled to serve his answer, and the order appealed from must be affirmed. Even if we were to assume, *arguendo,* that service of the summons and complaint was completed with service on the Secretary of State on March 22, 1982, as contended by plaintiff, our determination would not differ. On June 14, 1982, plaintiff's attorney mailed copies of the summons and complaint to the office of defendant's insurer in Buffalo, New York, along with a letter demanding service of an answer within 20 days. That letter effectively extended the time in which to interpose an answer through July 4, 1982, However, since July 4, 1982 fell on a Sunday, and July 5 was a legal holiday, the time to answer was extended by operation of law through July 6 (General Construction Law, § 25-a). Therefore, defendant's service of an answer on July 8, 1982 was no more than two days late. In our view, that

minimal delay was justified by the time required for the insurer to retain local counsel to defend the action (see *Sumner v Reich,* 92 AD2d 590). We also note that the proposed answer, which was rejected as untimely by plaintiff, and a proposed amended answer which was served on July 12, 1982 and likewise rejected, raised the Statute of Limitations, improper service and lack of jurisdiction of the person of defendant as affirmative defenses. In view of the serious question as to whether the action was properly commenced within the applicable period of limitation, the proposed answer, which was before Special Term in conjunction with defendant's motion for an extension of time in which to serve an answer, established the existence of a meritorious defense for purposes of excusing any untimely service of the answer. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.