ADIRONDACK TRANSIT LINES, INC., Plaintiff, v STEVEN P. LA-
PAGLIA, Defendant. (And a Third-Party Action.) (Action
No. 1.)

STEVEN P. LAPAGLIA, Plaintiff, v ADIRONDACK TRANSIT LINES,
INC., Defendant. (Action No. 2.)

ANNA LYNCH et al., Respondents, v ADIRONDACK TRANSIT
LINES, INC., et al., Defendants, and STEVEN P. LAPAGLIA,
Appellant. (Action No. 3.)

Third Department, May 21, 1987

## APPEARANCES OF COUNSEL

*De Angelis, Kaplowitz, Rice & Murphy (Jay A. Smith* of counsel), for appellant.

*Robert D. Schneider (Robert L. Harder* of counsel), for respondents.

## OPINION OF THE COURT

WEISS, J.

On April 19, 1983, Anna Lynch was injured while riding in a bus owned by Adirondack Transit Lines, Inc. (hereinafter ATL) and operated by David W. Winkler, which collided with an automobile owned by Gelco Corporation and operated by Steven P. Lapaglia, on Interstate Route 87 in Albany County. Thereafter, Lynch and her husband (hereinafter plaintiffs) commenced an action for personal injury and loss of consortium by effecting service of process on ATL and Winkler on July 1, 1985. Plaintiffs' attempts to effect service on Gelco and Lapaglia on June 27, 1985 and again on August 5, 1985, however, proved unsuccessful because these parties had moved without leaving a forwarding address. On January 17, 1986, Supreme Court granted a motion by ATL and Winkler to consolidate plaintiffs' action with a prior property damage action commenced by ATL against Lapaglia (hereinafter the ATL action), in which Lapaglia asserted a third-party claim

against Winkler for contribution and/or indemnification.[1] On April 17, 1986, two days prior to the expiration of the Statute of Limitations (CPLR 214), plaintiffs effected service of process upon Lapaglia's attorneys pursuant to CPLR 303 and subsequently moved for an order pursuant to CPLR 303 and 308 either confirming and validating service on Lapaglia's attorneys or ordering that service be made upon them nunc pro tunc. Supreme Court effectively determined that since the actions had been consolidated, personal jurisdiction over Lapaglia relative to plaintiffs' action could be secured by serving Lapaglia's attorneys pursuant to CPLR 2103.

We reverse. Initially, we observe that Supreme Court erred in relying on CPLR 2103 to validate service. The mere consolidation of actions does not confer jurisdiction over a defendant who has not been served with process. Moreover, CPLR 2103 relates to the service of intermediary papers after the commencement of the action and anticipates that jurisdiction over a defendant has already been established *(see, Doyle v Happy Tumbler Wash-O-Mat,* 113 AD2d 818; *Monarch Ins. Co. v Pollack,* 32 AD2d 819).

The more difficult question is whether plaintiffs obtained personal jurisdiction over Lapaglia by effecting service on his attorneys pursuant to CPLR 303, which reads: "The commencement of an action in the state by a person not subject to personal jurisdiction is a designation by him of his attorney appearing in the action or of the clerk of the court if no attorney appears, as agent, during the pendency of the action, for service of a summons pursuant to section 308, in any separate action in which such a person is a defendant and another party to the action is a plaintiff if such separate action would have been permitted as a counterclaim had the action been brought in the supreme court." This statute is available to a party in the first action who did not or could not assert a counterclaim therein, but seeks to initiate a separate action against the plaintiff in the first action who is not otherwise subject to personal jurisdiction *(see,* Siegel, NY Prac § 96, at 111; *see also,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C303:1, at 156-158). Application of this statute here centers on Lapaglia's

1. We note that this prior action actually consisted of two separate lawsuits *joined* for purposes of trial. The first action was the ATL action against Lapaglia, and the second was an action by Lapaglia against ATL for personal injury. This second action was settled prior to the motion for consolidation.

status as a third-party plaintiff in the ATL action.[2] Assuming, arguendo, that CPLR 303 applies to Lapaglia as a third-party plaintiff, plaintiffs could not utilize the statute to obtain personal jurisdiction over Lapaglia since plaintiffs were not sued by Lapaglia in the ATL action, nor were plaintiffs even parties to that action. It follows that since CPLR 303 does not afford plaintiffs a basis of jurisdiction over Lapaglia, service of process on his attorneys was of no consequence.

The question remains whether plaintiffs otherwise obtained personal jurisdiction over Lapaglia, for a basis of jurisdiction did exist by virtue of the occurrence of the accident in New York (see, CPLR 302). The record shows that upon plaintiffs' initial attempt to serve process on Lapaglia at his residence in the Town of Clifton Park, Saratoga County, it was discovered that Lapaglia had moved to the Village of Nyack, Rockland County. On August 5, 1985, when plaintiffs attempted service at the new address, Lapaglia had again moved without leaving a forwarding address. Since plaintiffs did not otherwise attempt "nail and mail" service under CPLR 308 (4) or move the court to direct the manner of service under CPLR 308 (5), it is evident that Lapaglia was not properly served. Plaintiffs' further attempt to effect service pursuant to Vehicle and Traffic Law §§ 253 and 254 was similarly unavailing. While plaintiffs served a summons and complaint on the Secretary of State, these documents were returned April 17, 1985 due to the failure to include Lapaglia's out-of-State address. The record, for that matter, provides no indication that Lapaglia ever departed from New York during this period. Moreover, no return receipts were presented to establish that certified mail was refused or unclaimed by Lapaglia. These circumstances prevailing, service of process was never completed (see, Vehicle and Traffic Law § 253 [2]; see also, Elliot v James, 97 AD2d 428).

In conclusion, since personal jurisdiction over Lapaglia has never been obtained and the Statute of Limitations has since expired, plaintiffs' action against Lapaglia is now time barred.

MAHONEY, P. J., KANE, CASEY and HARVEY, JJ., concur.

Order reversed, on the law, without costs, motion denied and plaintiffs' claim in action No. 3 against defendant Steven P. Lapaglia dismissed.

---

2. Since Lapaglia's suit against ATL had settled and thus was not pending at the time service was made on Lapaglia's attorneys, CPLR 303 does not apply to that action.