**EVERGREEN SYSTEMS, INC. and Henry B. Carlson, Plaintiffs,**

v.

**GEOTECH LIZENZ AG, Defendant.**

No. CV 88–2146.

United States District Court, E.D. New York.

Oct. 28, 1988.

Cahn, Wishod, Wishod & Lamb, Melville, N.Y., for plaintiffs.

Vincent G. Berger, Jr., Babylon, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs Evergreen Systems, Inc. ("Evergreen") and its president Henry B. Carlson ("Carlson") commenced this diversity lawsuit against Geotech Lizenz A.G. ("Geotech"), a Swiss corporation, to resolve certain business disputes. Presently before the Court is defendant's motion to dismiss for lack of personal and subject matter jurisdiction. Because this Court can find no basis for the exercise of personal jurisdiction over defendant, the motion to dismiss is granted.

### I. *Prior Proceeding in this Court*

The parties to this lawsuit are involved in related litigation that has recently been ruled upon by this Court. That proceeding was commenced by Geotech shortly before the institution of this lawsuit and sought, pursuant to 9 U.S.C. § 207, to confirm a Swiss arbitral award rendered against the plaintiffs in this case. *See Geotech Lizenz A.G. v. Evergreen Systems, Inc.*, 697 F.Supp. 1248 (E.D.N.Y.1988) (hereinafter the "Enforcement Proceeding"). Although this Court has granted Geotech's petition in the context of the Enforcement Proceeding, plaintiffs have taken the position that resolution of the Enforcement Proceeding will not resolve all issues raised in this litiga-

tion. Accordingly, the Court will consider the pending motion.

### II. *Personal Jurisdiction*

#### A. The State Court Action

In an action commenced in the Supreme Court of the State of New York in February, 1987 (the "State Court Action") plaintiff sought to resolve the same business dispute at issue here. Included among the defendants in the State Court Action are Geotech, the defendant herein, as well as Felix and Ladina Jaecklin, two of Geotech's principles. In the context of the State Court Action Evergreen argued that Section 302 of New York's Civil Practice Law and Rules (the "Long Arm Statute") provided a basis for the exercise of personal jurisdiction over all defendants. Arguing that their limited activity within New York state precluded the exercise of Long Arm jurisdiction, Geotech and the Jaecklins moved to dismiss the State Court Action. In an opinion dated September 9, 1987 Justice James A. Gowan of the Supreme Court of the State of New York agreed with the moving defendants and dismissed the State Court Action for lack of personal jurisdiction. *See Evergreen Systems, Inc. v. Geotech Lizenz AG*, No. 87-13349 (decision dismissing complaint) (Sup.Ct. Suffolk County, September 9, 1987).

#### B. The Alleged Basis for the Exercise of Personal Jurisdiction in this Action

No doubt realizing that the State Court's ruling on the issue of long arm jurisdiction is entitled to *res judicata* treatment, plaintiffs have asserted a separate basis for the exercise of personal jurisdiction by this Court. Specifically, plaintiffs argue that section 303 of New York's Civil Practice Law and Rules ("Section 303") provides the requisite basis for the exercise of personal jurisdiction over Geotech. That section, entitled "Designation of attorney as agent for service" provides for the exercise of jurisdiction over defendants who have sought affirmative relief in New York's Courts and states in pertinent part:

The commencement of an action in the state by a person not subject to personal jurisdiction is a designation by him of his attorney appearing in the action ... as agent, during the pendency of the action, for service of a summons pursuant to section 308, in any separate action in which such a person is a defendant and another party to the action is a plaintiff if such separate action would have been permitted as a counterclaim had the action been brought in the supreme court.

N.Y.Civ.Prac.L. & R. § 303 (McKinney 1988). According to plaintiffs, Geotech's commencement of the Enforcement Proceeding amounts to the "commencement of an action" within the meaning of Section 303. Plaintiffs' argument follows that therefore this Court may exercise personal jurisdiction over each defendant named in this action. Geotech opposes plaintiffs' theory on the grounds: (1) that Section 303 has no application in the Federal Courts, and (2) that, in any event, the procedural history of this case puts it outside of the scope of Section 303.

### III. *Discussion*

#### A. The Application of Section § 303 in Federal Court

■ Geotech's resistance to the application of Section 303 in a Federal forum is based upon the holding in *Rockwood Nat'l Corporation v. Peat, Marwick, Mitchell & Co.*, 100 Misc.2d 688, 420 N.Y.S.2d 49 (Sup. Ct.Westchester County 1976), *aff'd*, 63 A.D.2d 978, 406 N.Y.S.2d 106 (2d Dep't 1978). There, Peat, Marwick, Mitchell & Co. ("PMM") appeared in Federal Court in New York as a defendant in a case brought pursuant to the federal securities laws. Plaintiff Rockwood National Corporation ("Rockwood") argued that PMM's presence in the federal action gave Rockwood the right to serve PMM's attorney with state court process pursuant to Section 303.

When ruling on the motion the *Rockwood* Court considered the purpose of Section 303 and noted that the statute was enacted to implement the Supreme Court's holding in *Adam v. Saenger*, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1937). There,

the Supreme Court held that the Fourteenth Amendment does not prohibit the exercise of personal jurisdiction over a non-resident defendant who has invoked the jurisdiction of the state court. Thus, the Supreme Court held that "[t]he plaintiff having, by his voluntary act in demanding justice from the defendant, submitted himself to the jurisdiction of the Court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes for which justice to the defendant requires his presence. It is the price which the state may exact as the condition of opening its courts to the plaintiff." *Id.* at 67–68, 58 S.Ct. at 458.

Reasoning that the rule of *Adam v. Saenger* may not be extended to allow a state court to exercise personal jurisdiction over a defendant whose presence in a federal action has been secured by a federal statute providing for nationwide service of process, the *Rockwood* Court held that PMM had not commenced an action in the state within the meaning of Section 303. *See Rockwood*, 420 N.Y.S.2d at 51. Accordingly, the court held that Section 303 did not provide a basis for the exercise of personal jurisdiction over PMM. *Id.*

On appeal, the Appellate Division of the Supreme Court affirmed the lower court and stated that "CPLR 303 is inapplicable where the pending action is commenced in Federal Court...." *Rockwood Nat'l Corp. v. Peat, Marwick, Mitchell & Co.*, 63 A.D.2d 978, 406 N.Y.S.2d 106, 107 (2d Dep't 1978). Although the state appellate court's broad statement could be interpreted to hold that Section 303 does not apply even if the non-resident is a *plaintiff*, this Court cannot read the case so broadly. Instead, this Court interprets *Rockwood* as holding only that Section 303 has no application where the non-resident is brought into Federal Court as a defendant. In such a case the policy of *Adam v. Saenger* is not furthered by the exercise of jurisdiction and application of Section 303 is, therefore, inappropriate. Since the Court finds no absolute bar to the application of Section 303 in a federal forum, the Court will turn to the question of whether the statute has been complied with in this case.

### B. Compliance with Section 303

█ As noted above, Section 303 authorizes the exercise of personal jurisdiction over a person not subject to jurisdiction when that person commences an action within the state of New York. The statute further provides that a plaintiff seeking to take advantage of Section 303 must be "another party" to the action commenced by the non-resident defendant. New York courts have interpreted this latter requirement strictly and have refused to extend Section 303 to include its use by those who are not parties to the action commenced by the non-resident. *See Adirondack Transit Lines, Inc. v. Lapaglia*, 128 A.D.2d 228, 515 N.Y.S.2d 668, 669–70 (3d Dep't 1987). Thus, it has been noted that "third party strangers" may not take advantage of Section 303. *See* N.Y.Civ.Prac.L. & R. § 303 (McKinney 1988, Supplementary Practice Commentary 1987).

Application of Section 303 in this case thus requires that the plaintiffs in this action—Evergreen and Carlson—must have been parties to the action commenced by the non-resident—the Enforcement Proceeding. Although Evergreen was a party to the Enforcement Proceeding, Carlson was not. Carlson is thus a "third party stranger" who may not take advantage of Section 303 to secure personal jurisdiction over Geotech. The question remains, however, whether Evergreen, a party to the Enforcement Proceeding, may take advantage of Section 303 to maintain the present proceeding.

█ Although Evergreen was a party to the Enforcement Proceeding it must comply with a final requirement before taking advantage of Section 303. Specifically, Evergreen must show that the present action must "have been permitted as a counterclaim" had the Enforcement Proceeding been brought in the Supreme Court. *See* N.Y.Civ.Prac.L. & R. § 303 (McKinney 1988).

In the ordinary case, New York's liberal counterclaim rule, allowing the assertion as a counterclaim of *any* cause of action a defendant may have against a plaintiff, ensures that the final requirement of Section 303 is met. *See* CPLR § 3019(a). Where, as here, however, the action originally commenced by the non-resident is a federal proceeding brought pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), the permissibility of asserting additional claims is not a foregone conclusion. On the contrary, the right to assert counterclaims in the context of such a proceeding appears nowhere in the Convention. Instead, the Convention envisions a summary disposition of the issues where the relief sought is to be denied only if the party resisting enforcement shows that one of the specific grounds stated in the Convention for non-enforcement exists. 9 U.S.C. § 207; *see Parsons & Whittemore Overhead Co., Inc. v. Societe General de L'Industrie Do Papier (RATKA)*, 508 F.2d 969, 973 (2d Cir.1974). By thus limiting the scope of the enforcement proceeding, the Convention assures the speedy enforcement of awards and encourages the use of the arbitral process. *See Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir.1983) (referring to strong public policy favoring arbitration).

In view of the summary nature of the Convention's enforcement proceeding, the Court concludes that the full scope of the parties' business disputes may not be adjudicated in the context of such a proceeding. To allow the assertion of such claims would result in the conversion of the proceeding into a plenary trial. This would run counter to the Convention's purpose and the nature of the enforcement proceeding.

Since plaintiffs' claims go beyond the scope of the claims raised in the arbitration, they could not have been raised as counterclaims in the Enforcement Proceeding. Accordingly, the Court holds that Section 303 does not provide a basis for the exercise of personal jurisdiction over defendant. The Court therefore dismisses plaintiffs' complaint on that basis.

As a final matter the Court notes that even if the requirements of Section 303 were met, the exercise of jurisdiction in this case would raise serious constitutional questions. Indeed, it is difficult to imagine

how a state court's exercise of personal jurisdiction over citizens of each state that is a party to the Convention could comport with the due process of law requirements of "fair play" and "substantial justice." *Retail Software Services, Inc. v. Lashlee*, 854 F.2d 18, 22 (2d Cir.1988), quoting *McGee v. Internat'l Life Ins. Co.*, 355 U.S. 220, 222, 78 S.Ct. 199, 200–01, 2 L.Ed.2d 223 (1957). It appears that such a finding would be possible only if the mere signing of the Convention were held to constitute the requisite "minimum contacts" between the defendant and the forum state. *See World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). Although the due process issue might also dispose of this litigation, the Court's holding that jurisdiction does not exist under state law forecloses further discussion of the constitutional issue.

### CONCLUSION

Section 303 does not provide a basis for the exercise of personal jurisdiction over defendant. Accordingly, defendant's motion to dismiss the complaint for lack of personal jurisdiction is granted.

SO ORDERED.