■ ARIE E. DAVID, Appellant, v MIRIAM FUCHS et al., Respondents. [612 NYS2d 44] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered April 8, 1993, which, *inter alia,* dismissed the complaint against defendant Davar, Ltd. for lack of personal jurisdiction and granted defendants' motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), is unanimously affirmed, solely to the extent it dismissed the complaint as against defendant Davar, Ltd., without costs or disbursements. The matter is remanded for a hearing as to whether proper service was effected upon defendant Miriam Fuchs, and pending the disposition of such hearing, the remainder of the appeal is held in abeyance.

Plaintiff brought this action alleging he was defamed by three articles in Davar, an Israeli publication, with a very small circulation in New York. We agree with the IAS Court that defendant Davar established, on documentary evidence, that it is a foreign corporation not authorized to do business

in New York. Therefore, service upon it was jurisdictionally defective since plaintiff failed to file an affidavit of compliance, pursuant to Business Corporation Law § 307. "[S]trict compliance with the procedures of Business Corporation Law § 307 is required to effect service on an unauthorized foreign corporation" *(Flick v Stewart-Warner Corp.,* 76 NY2d 50, 57).

However, the IAS Court did not reach the issue of whether personal jurisdiction was obtained over the individual defendant Fuchs, which was raised by defendants on their motion to dismiss, and we remand for a traverse hearing as to that issue. Pending a determination as to such jurisdiction, we hold the remainder of the appeal in abeyance, and do not reach, at this time, the substantive issues raised as to the merits of the complaint. Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Nardelli, JJ.