■ HAROLD FLANNERY, Respondent, v GENERAL MOTORS CORPORATION et al., Defendants, and TRUXMORE, INC., Appellant. (And a Third-Party Action.) [625 NYS2d 556] —Order of the Supreme Court, New York County (Edward H. Lehner, J.), entered May 3, 1993, which denied defendant Truxmore, Inc.'s motion to dismiss the complaint against it, is reversed, on the law, and the motion granted, without costs or disbursements.

The Supreme Court would have properly granted the application of plaintiff to amend the summons and complaint to change the name of the defendant Truxmore Industries, Inc. to Truxmore, Inc. if jurisdiction had been obtained over the intended but misnamed defendant. At the traverse hearing, evidence was submitted which showed that Truxmore, Inc. manufactured and sold the garbage truck which caused plaintiff's injuries. Further, Truxmore's former President testified that the truck was manufactured in 1986 after Truxmore Industries, Inc. ceased doing business. Plaintiff properly made a showing that Truxmore, Inc., the proper party, was fairly apprised that it was the party intended to be sued and further that there was no prejudice to Truxmore, Inc. *(see, Stuyvesant v Weil,* 167 NY 421, 425-426).

However, while, as the concurrence points out, service was made upon the intended but misnamed defendant in the proper manner, there was a failure by the plaintiff to strictly comply with the requirements of Business Corporation Law, § 307, since plaintiff never filed an affidavit of compliance

pursuant to Business Corporation Law § 307 (c) (2) *(see, Flick v Stewart-Warner Corp.,* 76 NY2d 50, 55). The concurrence characterizes the holding in *David v Fuchs* (204 AD2d 253, *lv dismissed in part and denied in part* 84 NY2d 1003) as an "overly expansive reading of the Court of Appeals opinion in *Flick v Stewart-Warner Corp. (supra)"*. However, *David v Fuchs (supra)* followed the law, as set forth in *Flick, literally* and did *not* expand its holding. Thus, the Court of Appeals held, after detailing the manner of service of process upon the Secretary of State and the foreign corporation, that: "Regardless of whether such service is effected personally (§ 307 [b] [1]) or by registered mail (§ 307 [b] [2]) an affidavit of compliance must be filed in accordance with section 307 (c) (1) or section 307 (c) (2) with the clerk of the court in which the action is pending within 30 days after such service. In either case service of process is not complete until *'ten days after [the affidavit of compliance containing proof of service is] filed* with the clerk of the court' (§ 307 [c] [1], [2] [emphasis added])." *(Flick v Stewart-Warner Corp., supra,* at 55.)

Not only does the Court of Appeals use the phrase that "an affidavit of compliance *must be filed"* (emphasis added), it emphasizes that service is not complete until ten days after the affidavit of compliance is filed, and the Court adds its own emphasis to the latter phrase. *(Supra,* at 55.) In addition, while the concurrence correctly quotes *Flick (supra,* at 56) noting that " 'the statute contains procedures calculated to assure that the foreign corporation, in fact, receives a copy of the process' ", *Flick* goes on to state: "It is significant that the Legislature, as a *further assurance* of actual notice to the unauthorized foreign corporation, has specified that the service of process shall not be complete until *'ten days after* [the required affidavit of compliance is] filed with the clerk of the court.' (§ 307 [c] [2] [emphasis added].)" *(Flick v Stewart-Warner Corp., supra,* at 56.)

More recently, the Court of Appeals has reaffirmed the requirement of "strict compliance" with the terms of section 307 by stating: "The incontestable starting proposition in cases of this kind is that once jurisdiction and service of process are questioned, plaintiffs have the burden of proving satisfaction of statutory and due process prerequisites *(see, Lamarr v Klein,* 35 AD2d 248, *affd* 30 NY2d 757). Business Corporation Law § 307 establishes a mandatory sequence and progression of service completion options to acquire jurisdiction over a foreign corporation not authorized to do business in New York. We have made plain that these steps are

'requirements of a jurisdictional nature which must be strictly satisfied' *(Flick v Stewart-Warner Corp.,* 76 NY2d 50, 54)." *(Stewart v Volkswagen of Am.,* 81 NY2d 203, 207.)

Accordingly, since plaintiff did not file the required affidavit of compliance, the IAS Court should have granted defendant's motion to dismiss for lack of personal jurisdiction *(Flick v Stewart-Warner Corp., supra; Stewart v Volkswagen of Am., supra; David v Fuchs, supra).* Concur—Rosenberger, J. P., Nardelli and Williams, JJ.

Rubin, J., concurs in a memorandum as follows: Plaintiff was injured on December 19, 1987 when his arm became caught in the compactor mechanism of his employer's garbage truck. Defendant-appellant, Truxmore, Inc. ("Truxmore") was served with process naming Truxmore Industries, Inc. ("Industries") as defendant. Service was effected pursuant to Business Corporation Law § 307 by serving the summons and complaint personally upon the Secretary of State in Albany and personally serving notice of service, together with a copy of the summons and complaint, at Truxmore's place of business in Richmond, Virginia. In its answer, Truxmore interposed the defense of lack of personal jurisdiction and subsequently brought this motion to dismiss the action. Following a traverse hearing, Supreme Court (Edward H. Lehner, J.) denied the motion to dismiss and granted plaintiff's oral application to amend the caption (CPLR 1024) to reflect defendant-appellant's true name of Truxmore, Inc.

The only issue on appeal is whether plaintiff has acquired jurisdiction over Truxmore so as to require it to defend his action on the merits. In briefs that provide more in the way of obfuscation than elucidation, Truxmore urges this Court to reverse the decision of Supreme Court on the ground that defendant Truxmore has a separate and distinct corporate identity from Industries and cannot be held answerable for claims directed at that corporation.

Defendant's briefs and the record on appeal contain a detailed recital concerning the renaming of Industries to TI, Inc. on August 9, 1985, the purchase of its assets by Truxmore on June 26, 1985 and the purchase of Truxmore by Waste Disposal Equipment Acquisition Corporation, a holding company, on August 23, 1988. What the briefs, and indeed the record, manage to obscure is that the truck involved in the accident was sold and manufactured by Truxmore, not by Industries, and that the question before the Court is therefore whether Truxmore is answerable for the tort within the holding of *Stuyvesant v Weil* (167 NY 421).

The one item conspicuously absent from the record originally submitted by Truxmore in connection with this appeal is the bill of sale for the allegedly defective truck, an omission not remedied until the filing of the *Second* Supplemental Record on Appeal. Truxmore's briefs invite the Court to conclude that the claimed negligence of Industries should not be attributed to Truxmore, a separate corporate entity. However, the bill of sale for the vehicle is from Truxmore, not Industries. The vehicle was manufactured approximately one year after Industries ceased doing business and transferred its manufacturing operations to Truxmore, at a time when Industries had been officially dissolved. It is precisely because Truxmore carried on operations at the address formerly used by Industries that process found its way to the allegedly culpable party.

The bill of sale reveals that the garbage truck was sold on November 5, 1986 to Art Sperl, Jr., presumably the principal of plaintiff's employer Art Sperl & Son, Inc. The compaction unit in question was installed on the customer's truck body, a 1987 General Motors Corporation model C-7000. Both the serial number of the equipment (86-1686-23) and the use of a 1987 vehicle indicate that it was manufactured during the latter part of 1986. Significantly, at a traverse hearing conducted in connection with the motion, Truxmore's former president, John K. Pirotte, testified that it had acquired the assets of Industries in June 1985 and that Industries was officially dissolved on July 2, 1986. Though it might have been named on the summons and complaint, there is no reasonable interpretation of the facts that would lead this Court to conclude that the vehicle had been manufactured by Industries.

The law governing jurisdiction conferred by process that misnames a defendant is well settled. "Where the summons and complaint have been served under a misnomer upon the party which the plaintiff intended as the defendant, an amendment will be permitted if the court has acquired jurisdiction over the intended but misnamed defendant provided that two criteria are met. The first criterion is that the intended but misnamed defendant was fairly apprised that it was the party the action was intended to affect. The second criterion is that the intended but misnamed defendant would not be prejudiced" *(Simpson v Kenston Warehousing Corp.,* 154 AD2d 526, 527). Given that Truxmore manufactured and sold the vehicle, operating from premises and with manufacturing facilities acquired from the named defendant Industries, Trux-

more was fairly apprised by the complaint that it was the intended defendant *(supra)*. Given, further, that Industries had been officially dissolved following the acquisition of its assets, it was no longer an operating entity with an independent existence *(see, Ober v Rye Town Hilton,* 159 AD2d 16, 20).

Truxmore makes much of the intention of plaintiff to serve Industries, not Truxmore. As a threshold matter, a party may proceed against a defendant by any name and later amend the caption to reflect the party's true name (CPLR 1024). Moreover, any confusion regarding the name of the manufacturer of the compaction unit is directly attributable to Truxmore *(Public Serv. Mut. Ins. Co. v Joyce,* 182 AD2d 535). Delivered to plaintiff's employer with the vehicle were blueprints bearing the name "Truxmore Industries, Inc." So long as plaintiff served the responsible party, it does not matter if the pleadings designated it as "John Doe, Inc.": if the pertinent criteria are satisfied, plaintiff is entitled to amend the caption (CPLR 305 [c]; *e.g., Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483).

Truxmore also complains that it was not properly served pursuant to the Business Corporation Law. The record contains a notice of service upon the Secretary of State in Albany dated December 13, 1990 that was sent with process by registered mail to Truxmore at its office at 6th and Dinwiddie Avenue in Richmond, Virginia. The record also contains an affidavit of personal service, in Virginia, upon Mr. Royal E. Wood dated December 18, 1990. Truxmore nevertheless asserts that its employee, Royal Wood, was not authorized to receive service on its behalf and was not employed as "an officer, director, managing or general agent or cashier or assistant cashier of Truxmore, Inc."

Plaintiff points out that, under Virginia law, service is effective so long as it is actually received by the defendant. He directs the Court's attention to Virginia Code Annotated § 8.01-288 (1994) providing, insofar as pertinent, that "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter."

Truxmore does not contest the validity of service under Virginia law, but argues that Royal Wood is not a person authorized to receive service on behalf of the corporation under New York law (CPLR 311 [1]). Even assuming the applicability of the cited provision, this argument is devoid of merit. Royal Wood's affidavit in support of the motion to dismiss the complaint describes him as the "plant manager",

and Truxmore's former president, John K. Pirotte, when asked at his deposition who was the person "in charge of the day-to-day operations of the company", testified, "I remember the name of the office manager. It was Royal Wood." However, what is material is that service was made pursuant to Business Corporation Law § 307 (b) (1) "in the manner authorized to serve process by the law of the [foreign] jurisdiction in which service is made". There is no question that process reached Truxmore because it appeared and filed an answer to the complaint, and it is uncontested that plaintiff personally delivered the summons and complaint to the Secretary of State in Albany. Service is "sufficient" under the statute because notice of such service and a copy of the summons and complaint were concededly received by Truxmore.

Despite Truxmore's actual receipt of process, service of an answer and participation in this litigation, which is exactly what the statute is designed to promote (*Flick v Stewart-Warner Corp.,* 76 NY2d 50, 56), this Court is nevertheless constrained by our decision in *David v Fuchs* (204 AD2d 253, 254) to hold that service is invalid because plaintiff neglected to file an affidavit of compliance with the Clerk of Supreme Court (Business Corporation Law § 307 [c] [1]). The question remains, however, whether the holding in *David v Fuchs* constitutes an overly expansive reading of the Court of Appeals opinion in *Flick v Stewart-Warner Corp. (supra).* The Court of Appeals did not indicate, in that decision, that any change in the construction of filing requirements was intended, and the cases cited (*supra,* at 57) in support of a "strict" application of the provisions of Business Corporation Law § 307 all involve defects in the substantive service requirements of the statute and not simply the failure to file an affidavit of compliance, whether under the Business Corporation Law (*Elliot v James,* 97 AD2d 428 [no proof of registered mailing]; *Lansdowne Fin. Servs. v Binladen Telecommunications Co.,* 95 AD2d 711, 712 [no proof of registered mailing]; *Meyer v Volkswagen of Am.,* 92 AD2d 488 [improper service on Secretary of State]) or an analogous statute (*Macchia v Russo,* 67 NY2d 592, 595 [redelivery of personal service]; *Adirondack Tr. Lines v Lapaglia,* 128 AD2d 228, 231 [no proof of certified mailing]; *see also, Stewart v Volkswagen of Am.,* 81 NY2d 203 [failure to mail process to address specified in Business Corporation Law]).

To the extent that particular statutory requirements are calculated to ensure receipt of service by the defendant, they are jurisdictional. Due process is satisfied by service provisions

reasonably calculated to give notice that a proceeding has been commenced, even though process might not actually be received by the defendant *(Milliken v Meyer,* 311 US 457, 462). Where jurisdiction is sought to be exercised over a corporation that is only constructively present in this State by its conduct of business in this jurisdiction, "the statute contains procedures calculated to assure that the foreign corporation, in fact, receives a copy of the process" *(Flick v Stewart-Warner Corp., supra,* at 56). In this connection, the operation of the filing requirement in assuring actual notice is not directly related to its function in providing the defendant with receipt of process but to its role in defining when service is "complete" and, thus, when a defendant's time to answer begins to run.

Filing requirements, as distinguished from notice provisions, are not subject to any particular time limits. Some statutes, such as the New York City Civil Court Act's requirement that process be filed with the Court (CCA 409), expressly provide that filing may be effected nunc pro tunc (CCA 411). The filing of proof of compliance with substituted service provisions has been accorded similarly liberal treatment. Statutory provisions to the effect that service becomes "complete ten days after such filing" *(e.g.,* CPLR 308 [2]) are construed to operate as an extension of the time during which the defendant must serve an answer (CPLR 320 [a]; Siegel, NY Prac § 72, at 94 [2d ed]; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.16). Filing has no effect on the running of the Statute of Limitations *(e.g., Brown v Sagamore Hotel,* 183 AD2d 988; *Weill v Erickson,* 49 AD2d 895, 897, *appeal dismissed* 37 NY2d 851). Nor is filing regarded as a jurisdictional requirement *(Reporter Co. v Tomicki,* 60 AD2d 947, *lv dismissed* 44 NY2d 791; *McCormack v Gomez,* 137 AD2d 504, 505).

In *Flick v Stewart-Warner Corp. (supra,* at 54), the Court emphasized that "the procedures established in Business Corporation Law § 307 are requirements of a jurisdictional nature which must be strictly satisfied." However, an omission in the proof of service is traditionally regarded as a defect in form, not substance. As this Court stated in *Air Conditioning Training Corp. v Pirrote* (270 App Div 391, 393 [1946]):

"It is well settled that a statute permitting service of process other than by personal service must be strictly complied with in order to confer jurisdiction upon the court. *(Erickson* v. *Macy,* 231 N. Y. 86.) There is, however, a difference between service and proof of service. One is a fact of which the other is the evidence.

"It is the fact of proper service which confers jurisdiction.

Once such service has been made, an insufficient proof thereof will not take away the jurisdiction which has in fact been obtained. The deficiency in the proof may be supplied. *(Steinhardt v. Baker,* 20 Misc. 470, affd. 25 App. Div. 197, affd. 163 N. Y. 410.) Such defects go to form and not jurisdiction and they may be amended so as to have the record conform to the true facts."

The function of a filing requirement in the statutory scheme was made clear in *Winter v Winter* (256 NY 113, 117 [1931]), a case dealing with service by publication. The Court said, " 'It is the fact of service which gives the court jurisdiction,—not the proof of service,—and the court had authority to receive the amended affidavits of service after judgment and before the roll was made up.' We think that under our procedure a failure to file the required proofs of service until judgment rendered did not render the judgment void" *(supra,* at 117, quoting *Matter of Newman,* 75 Cal 213, 16 P 887).

The failure to file proof of service does, however, render judgment voidable since service is not complete until 10 days after the filing of proof. "While the failure to file proof of service on time should be regarded as a mere irregularity without jurisdictional implications, a complete failure to file proof would necessarily imply that the defendant's time to appear in the action is indefinitely postponed" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:4, at 311). The effect of non-compliance with a filing provision is therefore to extend the time to answer indefinitely and to render any judgment entered on default subject to vacatur *(ibid.,* citing *Red Creek Natl. Bank v Blue Star Ranch,* 58 AD2d 983, 984, and disapproving *Reporter Co. v Tomicki, supra).*

The *Winter* case also explains why the pertinent rules speak of service being "complete" a specified number of days after filing rather than simply providing the defendant with an additional amount of time in which to appear or answer the summons. It implicates the distinction, still preserved, between a rule and a section of the civil practice statute— sections being enactments by the Legislature and Governor, and rules being amendments by the Judicial Conference subject only to veto by the Legislature (1 Weinstein-Korn-Miller, NY Civ Prac, Preface, at XXIX). In *Winter (supra,* at 115), the Court of Appeals noted that "the convention which formulated the rules was permitted to make only such rules as were 'not inconsistent with the Judiciary Law nor with the Civil Practice Act, adopted by this Legislature.' (Laws of 1920, ch. 902;

Laws of 1921, ch. 370.)" Thus, "the convention was powerless to provide that * * * an additional element, viz., the lapse of a stated period of time after service[,] must be present." *(Supra,* at 115.)

The function of procedural provisions defining service as complete ten days after filing of proof of service is widely accepted. "These were designed to give the defendant an additional period to answer in situations in which the absence of personal delivery within the state indicated that a certain amount of time would elapse between completion of service by the plaintiff and receipt of notice by the defendant" (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3012.17). Therefore, once an answer is served the purpose of the provision is fulfilled. Filing is merely a device to establish the date upon which the defendants augmented answering time begins to run.

In the instant matter, a traverse hearing was conducted and the fact of service was demonstrated to the satisfaction of Supreme Court. No grounds are advanced on appeal that warrant disturbing those findings. The only legal ground raised before this Court in support of reversal is plaintiff's failure to strictly comply with the filing requirement of Business Corporation Law § 307 (c) (1), and this ground was not articulated by defendant Truxmore until its reply brief on appeal *(see, Ritt v Lenox Hill Hosp.,* 182 AD2d 560).

This Court has previously held that strict adherence to the filing provision is essential to valid service *(David v Fuchs, supra),* and the principle of stare decisis requires that this holding be followed. Nevertheless, the implicit ruling that filing is a prerequisite to jurisdiction is inconsistent with longstanding precedent. It is also contrary to the express legislative pronouncement that service is "sufficient" if, as pertinent here, notice of service upon the Secretary of State and a copy of the process are personally delivered to the foreign corporation (Business Corporation Law § 307 [b] [1]).

Accordingly, the order of the Supreme Court, New York County (Edward H. Lehner, J.), entered May 3, 1993, which denied defendant-appellant Truxmore's motion to dismiss the complaint against it and which granted plaintiff's oral application to amend the caption, should be reversed, on the law, the motion granted, the application denied, and the complaint dismissed, without costs. We unanimously grant, sua sponte, to any party desiring to do so, leave to appeal to the Court of Appeals from such parts of this Court's order as affects him on the certified question: Was the order of the Supreme Court properly made?