■ ANTOINE KHALIFE et al, Appellants, v AUDI SARADAR PRIVATE BANK SAL, Respondent. [972 NYS2d 8]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 10, 2013, which granted defendant's motion to set aside plaintiffs' service of a summons with notice that had been made upon defendant's counsel in a pending federal court action pursuant to CPLR 303, unanimously affirmed, with costs.

In order to invoke CPLR 303, plaintiffs were required to show that defendant, a foreign entity, commenced the federal action in New York, and that plaintiffs' claims in this action "would have been permitted as . . . counterclaim[s]" had the federal action been brought in the Supreme Court (CPLR 303; *see Evergreen Sys., Inc. v Geotech Lizenz AG*, 697 F Supp 1254, 1257 [ED NY 1988]). Plaintiffs failed to show either requirement.

Although defendant moved to intervene in the federal action and obtained a temporary restraining order precluding the instant plaintiffs' counsel from transferring disputed monies from an escrow account, defendant's motion to intervene was ultimately withdrawn on consent of all parties before it was ever decided. Defendant had not filed a complaint in the federal action, as would be necessary to commence an action in federal court (*see* Fed Rules Civ Pro rule 3; *see generally* CPLR 304 [a]); therefore, the action-commencement requirement of CPLR 303 was not satisfied.

Plaintiffs' argument, in essence, that CPLR 303 should be interpreted more broadly to subject a foreign person or entity to the jurisdiction of New York State courts if the foreign person or entity is seeking some form of affirmative relief in New York courts, as opposed to commencing an action, is unavailing, as the plain meaning of the statute does not authorize such power (*see generally Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995]).

Since there was no pleading by the defendant in the federal action defendant did not become a party in that litigation. Therefore, plaintiffs would not have been permitted to counterclaim against defendant had the federal action been brought in the Supreme Court, thereby precluding plaintiffs from meeting the "counterclaim" element of CPLR 303. Concur—Friedman, J.P., Freedman, Richter, Feinman and Gische, JJ.